UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| ERIC RONDELL GABE, | ) | |
|---|---|---|
| Movant, | ) ) ) | |
| v. | ) ) | Case No. CV412-145 [underlying CR405-281] |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Having unsuccessfully litigated a 28 U.S.C. § 2255 motion in 2008, CR405-281, doc. 66,[1] Eric Rondell Gabe has filed a successive motion, again raising ineffective assistance of counsel (IAC) claims. He cites as justification the "new rule of law"[2] articulated in *Martinez v. Ryan*, 566

---

[1] The Court is citing only to the criminal docket and using its docketing software's pagination; it may not always line up with each paper-document's printed pagination.

[2] Pursuant to 28 U.S.C. § 2244(b)(2)(A), if a claim was not presented in a prior habeas corpus application, it "shall be dismissed unless ... the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Id.*; see also 28 U.S.C. 2255(h)(1)-(2); *Figuereo-Sanchez v. United States*, ___ F.3d ___, 2012 WL 1499871 at * 2 (11th Cir. May 1, 2012) ("This Court granted a Certificate of Appealability on whether the District Court properly denied the § 2255 motion as successive, and whether [*Padilla v. Kentucky*, ___ U.S. ___, 130 S. Ct. 1473 (2010)] announces a retroactively applicable new rule of law."); *Wooten v. Cauley*, ___ F.3d ___, 2012 WL 1216288 at * 3 (6th Cir. Apr. 12, 2012) ("successive § 2255 motions

U.S. \_\_\_, 132 S. Ct. 1309 (2012). Doc. 76 at 2-3. *Martinez* held that in states where a defendant is formally barred from raising an ineffective assistance of counsel claim against trial counsel until the collateral appeal phase of his case, a prisoner may now establish cause to overcome procedural default of a substantial IAC claim in two circumstances: (1) where he was not appointed counsel in that initial-review, collateral proceeding to litigate the IAC claim; and (2) where appointed counsel, in that initial-review collateral proceeding, *ineffectively* litigates the IAC claim itself. *Martinez*, 132 S. Ct. at 1320-21.

Gabe -- convicted and sentenced in the *federal* system -- does not even hint at a rational way that *Martinez* can be applied to him. And *Martinez* did *not* announce a new rule of law, despite its dissent's insistence to the contrary. *Id.* at 1324 ("The Court would have us believe that today's holding is no more than a "limited qualification" to *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)."); *see also Adams v. Thaler*, \_\_ F.3d \_\_\_, 2012 WL 1415094 at * 10 n. 6 (5th Cir. Apr. 25, 2012) (rejecting successive petition and similar new rule contention: "*Martinez* does not provide a basis for authorization under §

---

require the presentation of new factual evidence or the demonstration of a new rule of constitutional law. . . .").

2244(b)(2)(A), as the Court's decision was an 'equitable ruling' that did not establish 'a new rule of constitutional law.' 132 S. Ct. at 1319.").

More fundamentally, Gabe has knocked on the wrong court's door. Successive motions go to the appellate court first. *Adams*, 2012 WL 1415094 at * 1; *Brown v. United States*, 2012 WL 1664150 at * 2 (S.D. Ga. Apr. 13, 2012). Even so, Gabe's § 2255 motion would fail, as he has cited no new evidence or rules of constitutional law.[3] Hence, his § 2255 motion must be **DISMISSED**.

**SO REPORTED AND RECOMMENDED** this __13th__ day of June, 2012.

                                                 /s/ Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[3] A second, or successive 28 U.S.C. § 2255 motion must be certified to contain: 1) newly discovered evidence that, when viewed as a whole would be "sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense"; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable. 28 U.S.C. 2255(h)(1)-(2). *See, e.g., In re Perez*, ___ F.3d ___, 2012 WL 1889150 (11th Cir. May 25, 2012) (holding that *Missouri v. Frye*, 132 S. Ct. 1399 (2012) and *Lafler v. Cooper*, ___ U.S. ___, 132 S. Ct. 1376 (2012), did not create new rules of constitutional law because they were dictated by *Strickland v. Washington*, 466 U.S. 668 (1984), court denied leave to file successive §2255 motion upon movant's failure to satisfy either of § 2255(h)'s grounds).