# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

ERIC RONDELL GABE,  )
  )
    Movant,  )
  )
v.  )
  )  Case No. CV 414-110
UNITED STATES OF AMERICA,  )  CR 405-281
  )
    Respondent.  )

## REPORT AND RECOMMENDATION

Convicted in 2006 on gun and drug charges and sentenced to 360 months' imprisonment, Eric Rondell Gabe has filed his *third* 28 U.S.C. § 2255 motion.[1] This time he cites *Descamps v. United States*, ___ U.S. ___, 133 S. Ct. 2276 (2013), which barred the use of the "modified categorical approach" in determining whether a predicate offense qualified as a "violent felony" under the Armed Career Criminal Act. (Doc. 1.) He insists that he was improperly sentenced as a career offender (*id.* at 1-5),

---

[1] *See Gabe v. United States*, No. CV408-156 (S.D. Ga. Jan. 6, 2009) (denied on the merits); *Gabe v. United States*, No. CV412-145 (S.D. Ga. June 28, 2012) (denied as successive).

but the Court has already advised him that it lacks jurisdiction over any successive motions. *Gabe*, No. CV412-145, doc. 2. He must first ask the Court of Appeals to certify that his case warrants review despite the 28 U.S.C. § 2244(b) successive motions bar. He has not done so, so his motion must be **DENIED**. Additionally, he should be **ENJOINED** from filing any further successive § 2255 motions in this Court absent explicit approval by the Eleventh Circuit.[2]

Gabe's petition should be **DISMISSED** as successive. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before

---

[2] Even if the motion was properly before this Court, it is plainly untimely under 28 U.S.C. § 2255(f)(1), which requires a movant to file a § 2255 motion within one year of the date his judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). Gabe is not saved by invoking § 2255(f)(3), which runs the one-year limitations period from "the date . . . the right asserted was initially recognized by the Supreme Court . . . and made retroactively available to cases on collateral review." 28 U.S.C. § 2255(f)(3). The Supreme Court "has not declared its decision in *Descamps* to be retroactively applicable on collateral review, nor has the undersigned found any cases applying *Descamps* retroactively to cases on collateral review." *Strickland v. English*, 2013 WL 4502302 at *8 (N.D. Fla. Aug. 22, 2013); *Baldwin v. United States*, 2013 WL 6183020 at *2 n.4 (D. Md. Nov. 25, 2013) (collecting cases).

movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this  4th  day of June, 2014.

/s/ G.R. Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA