IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA,

v.

ERIC RONDELL GABE,

Defendant.

CASE NO.: 4:05-cr-281

# O R D E R

Like much of the world, inmates in federal prisons are understandably concerned about the health risks posed by the COVID-19 pandemic. Given the recognized risks that the pandemic poses within detention facilities, many federal prisoners are filing motions for immediate release or to accelerate their placement on home confinement. Defendant Eric Rondell Gabe has filed such a motion seeking that the Court grant him "Compassionate Release/Reduction in Sentence for Extraordinary and Compelling Reasons Pursuant to 18 U.S.C. § 3582(c)(1)(A)." (Doc. 94.) Though the Court is not entirely unsympathetic to Gabe's concerns, he has failed to exhaust his administrative remedies prior to seeking relief in this Court. Thus, for the reasons set forth below, the Court **DENIES** his Motion.

## BACKGROUND

After a jury trial, on April 19, 2006, Gabe was found guilty and convicted of possessing a firearm as a convicted felon, possession of marijuana, and carrying a firearm during a drug trafficking offense. (Doc. 37.) The Court subsequently sentenced him to three hundred and sixty months of imprisonment. (Doc. 41.) On July 28, 2020, Gabe filed the instant Motion asking to be released from that imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the

First Step Act. (Doc. 94.) Gabe contends that his medical condition of hypertension increases his risk of becoming severely ill if he were to contract COVID-19. (Id. at pp. 4–5.)[1]

## DISCUSSION

Section 3582(c)(1)(A) provides a narrow path for a district court to reduce the sentence of a criminal defendant where there are "extraordinary and compelling reasons" to do so. 18 U.S.C. § 3582(c)(1)(A)(i). Prior to the passage of the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release in the district court. The First Step Act modified Section 3582(c)(1)(A) to allow a defendant to move a federal district court for compassionate release. However, there are four prerequisites to a court's granting compassionate release under the First Step Act. First, the defendant must have exhausted his administrative rights with the BOP. Id. Second, the court must find that "extraordinary and compelling reasons warrant" release. 18 U.S.C. § 3582(c)(1)(A)(i). Third, the court must consider the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A). Fourth, the court must find that release is consistent with the Sentencing Commission's policy statements. 18 U.S.C. § 3582(c)(1)(A).

Gabe's Motion fails to establish the first of these requirements—exhaustion of administrative remedies—because he has failed to present any evidence or even a statement that he presented his request for release to the Warden or anyone within the BOP. Specifically, Section 3582(c)(1)(A) prescribes that a defendant may file a motion for compassionate release only "after [he] has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request

---

[1] Gabe also argues that if he was "resentenced today he would never have the amount of time he got . . . ." (Doc. 94, p. 7.) It is not clear if Gabe intends this argument as in independent grounds for compassionate release or merely as an issue that the Court should weigh when assessing his request for compassionate release due to the health risks posed by COVID-19. Regardless, because Gabe has not demonstrated that he has exhausted his administrative remedies as to this request, he cannot directly bring it to the Court.

by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A). In his Motion, Gabe essentially admits that the has not fully exhausted his administrative remedies by arguing that exhaustion is not a jurisdictional issue and that the Court should waive the requirement. (Doc. 94, pp. 1–3.)

As an initial matter, it is unclear whether the Court may excuse a defendant's failure to fulfill Section 3582(c)(1)(A)'s administrative exhaustion requirements. The United States District Court for the Middle District of Florida recently explained that "[c]ourts around the country have been presented with the question of whether the administrative exhaustion or time provision may be waived and have reached different conclusions." United States v. Smith, No. 8:17-CR-412-T-36AAS, 2020 WL 2512883, at *4 (M.D. Fla. May 15, 2020). Ultimately, after reviewing precedential guidance from the United States Supreme Court and the statute itself, the court in Smith concluded that the exhaustion requirement of Section 3582(c)(1)(A) was mandatory and could not be excused. Id. Further, as to the "unique circumstances of the COVID-19 pandemic" specifically, the court found that a majority of district courts have found that those circumstances do not warrant waiver of the exhaustion requirement. Id. (collecting cases). The court in Smith followed those courts and found that the requirement was not waivable and denied the defendant's request for compassionate release due to his failure to exhaust. Id. at *4-5; see also Allen, 2020 WL 2199626, at *2 ("There is no futility exception to § 3582(c)(1)(A)'s administrative exhaustion requirement, and the Court declines to invent one.").

Nonetheless, other courts have found that the exhaustion requirement can be waived and have allowed some defendants who have not fully pursued their requests before the BOP to bring claims for compassionate release due to the COVID-19 pandemic. See, e.g., United States v. Pomante, No. 19-20316, 2020 WL 2513095, at *4 (E.D. Mich. May 15, 2020) ("due to the unique

and unforeseen threat posed by the COVID-19 pandemic to this Defendant because of his specific health conditions, the exhaustion of administrative process can be waived"); United States v. Milner, No. 5:16-CR-32-5 (LAG-CHW), 2020 WL 2744088, at *3 (M.D. Ga. Apr. 20, 2020) (waiving exhaustion requirement where Defendant had multiple sclerosis and was unable, through no fault of his own, to submit his request for release to the warden); United States v. Zukerman, No. 16 CR. 194 (AT), 2020 WL 1659880, at *1 (S.D.N.Y. Apr. 3, 2020) (in light of defendant's age and pre-existing conditions, "[his] exhaustion of the administrative process can be waived in light of the extraordinary threat posed—in his unique circumstances—by the COVID-19 pandemic"). However, those courts that have found that exhaustion requirements can be waived only allow waiver where: (1) pursuing administrative remedies would prejudice the defendant; (2) the administrative process would be inadequate because of some legitimate question as to whether the BOP could grant the requested relief; or (3) the BOP has been shown to have already determined the issue presented or otherwise have been biased against the defendant. See Milner, 2020 WL 2744088, at *3 (citing McCarthy v. Madigan, 503 U.S. 140, 146–48 (1992) and Shorter v. Warden, 803 F. App'x 332, 336 (11th Cir. 2020)); Sawicz, 2020 WL 1815851, at *2.

Here, the Court need not wade into the debate over whether Section 3582(c)(1)(A)'s exhaustion requirement is waivable. Even if the requirement *can be waived* Defendant has failed to establish that it *should be waived* on the specific facts of this case. He has not credibly argued that the BOP cannot process and present his claim for compassionate release, that the agency has already made a decision that would preclude his request, or that it is biased against him. Defendant has also not directly argued that his health conditions pose such an imminent risk that he would be prejudiced by waiting for the administrative process. However, even if he had, he has not explained how his health conditions combined with COVID-19 pose such an imminent risk that

the Court should take the extraordinary measure of circumventing the agency review that Congress mandates. Moreover, the Court is generally aware of Defendant's age (43 years old), medical history, and alleged health conditions through his pleadings on the instant Motion as well as his Presentence Investigation Report, (doc. 96). While Defendant's hypertension is not trivial, it does not rise to the level of age and health conditions that have compelled courts to waive Section 3582(c)(1)(A)'s exhaustion requirement.[2] See, e.g., Pomante, 2020 WL 2513095, at *2–4 (waiving exhaustion requirement where "Defendant is 69 years old and, most significantly, suffers from chronic kidney disease, hypertension, and diabetes"); Milner, 2020 WL 2744088, at *1–4 (waiving exhaustion requirement where defendant suffered from multiple sclerosis, was unable to receive adequate treatment, and was confined to a wheelchair); Zukerman, 2020 WL 1659880, at *1 (waiving exhaustion requirement where defendant was 75 years old and suffered from diabetes, hypertension, and obesity). Indeed, when faced with compassionate release requests from defendants who have health risks similar to or even fare more severe than Defendant's, courts have declined to find that COVID-19 warrants waiving the exhaustion requirement. See United States v. Bunch, No. 19-CR-20550-BB, 2020 WL 2839174, at *1–3 (S.D. Fla. May 28, 2020) (denying motion for release based on COVID-19 concerns due, in part, to defendant's failure to exhaust administrative remedies where defendant suffers from "high blood pressure, asthma, diabetes, and other weight related ailments"); United States v. Bueno-Sierra, No. 93-CR-00567-BLOOM, 2020 WL 2526501, at *1–5 (S.D. Fla. May 17, 2020) (denying motion for release based on COVID-19 concerns due, in part, to defendant's failure to exhaust administrative remedies even though

---

[2] The Centers for Disease Control ("CDC") does not include individuals with hypertension among those that "are at an increased risk of severe illness from the virus that causes COVID-19." See Centers for Disease Control, *Groups At Higher Risk for Severe Illness*, available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last visited on October 8, 2020). Rather, the CDC lists individuals with hypertension among those that "might be at an increased risk." Id.

5

defendant is "seventy-two years old and suffers from several health conditions, including in pertinent part, diabetes and hypertension").

Congress has mandated that defendants present their Section 3582(c)(1)(A) claims for compassionate release to the BOP prior to coming to this Court. The Court will not waive that requirement on the facts of this case. Thus, the Court cannot grant Gabe compassionate release until he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Gabe implicitly concedes that he did not exhaust all administrative rights to appeal a prior to filing his Motion. Consequently, the Court **DENIES** Gabe's request for compassionate release.

## CONCLUSION

Based upon the foregoing, the Court **DENIES** Defendant Eric Rondell Gabe's Motion for Compassionate Release, (doc. 94).

**SO ORDERED**, this 8th day of October, 2020.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA