IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CASE NO.: 4:05-cr-281 |
| ERIC RONDELL GABE, | |
| Defendant. | |

**O R D E R**

Defendant Eric Rondell Gabe has filed pleadings requesting that the Court revisit the 360-months sentence of imprisonment he received in this Court in July 2006. (See docs. 99, 104, 105.) The Government has responded to Gabe's pleadings. (See docs. 102, 108.) For the reasons set forth by the Government and laid out below, the Court **DENIES** Gabe's Motion for Sentence Reduction. (Doc. 105.) Additionally, the Court **DENIES AS MOOT** Gabe's various motions for leave to file. (Docs. 103, 109, 110.) The Court has read and considered all Gabe's pleadings, and he has given him more than ample opportunity to advance his arguments.

BACKGROUND

In October 2005, a grand jury sitting in the Southern District of Georgia indicted Gabe on three felony offenses. (Doc. 1.) Count One charged him with possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). (Id.) Count Two alleged Gabe, after having been previously convicted of three specified felony drug-distribution offenses, knowingly and intentionally possessed a quantity of marijuana, in violation of 18 U.S.C. § 844. (Id.) Count Three charged that Gabe knowingly and unlawfully, during and in relation to the drug trafficking offense alleged in Count Two, carried a firearm, in violation of 18 U.S.C. § 924(c).

(Id.) A jury found Gabe guilty of all Counts, (doc. 37), and the Court sentenced him to 300 months' imprisonment as to Count One, a concurrent term of 36 months' imprisonment as to Count Two, and a consecutive 60 months' imprisonment as to Count Three, resulting in a total sentence of 360 months' imprisonment, (doc. 41). Over the years, Gabe has mounted several unsuccessful attempts to attack his conviction and sentence including a direct appeal, Section 2255 motions, and a motion for compassionate release.

In his most recent pleadings, Defendant makes numerous arguments, but they all boil down to two contentions: (1) that his recent receipt of a presidential pardon as to Count Two should cause the Court to vacate his conviction and sentence as to Count Three; and (2) that his overall sentence is unduly harsh considering his pardon and changes in the law.

## DISCUSSION

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." United States v. Phillips, 597 F.3d 1190, 1194–95 (11th Cir. 2010); see also 18 U.S.C. § 3582(c) ("The court may not modify a term of imprisonment once it has been imposed except" under limited enumerated reasons). Gabe cites no compelling authority for the Court to entertain his first line of argument: that his recent receipt of a presidential pardon as to Count Two should result in the vacatur of his conviction and sentence on Count Three. Ordinarily, a defendant's sole avenue to set aside a conviction or sentence is 28 U.S.C. § 2255. However, Gabe has already filed unsuccessful Section 2255 Motions, and the Court has enjoined him from filing additional Section 2255 motions absent explicit approval from the Eleventh Circuit Court of Appeals. (See docs. 65, 80, 87.) To file yet another Section 2255 motion, Gabe would first have to receive an order from the Eleventh Circuit authorizing this Court to consider the motion. 28 U.S.C. § 2244(b)(3)(A); Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003). "Without authorization" from the court of appeals, a "district court lack[s] jurisdiction to consider [a movant's] second or

successive" motion. Carter v. United States, 405 F. App'x 409, 410 (11th Cir. 2010). Gabe did not receive prior authorization from the Eleventh Circuit. Indeed, the Eleventh Circuit denied his request for a certificate. Entertaining Gabe's request to vacate his conviction or sentence as to Count Three, would be an end run around that denial and the requirements of Section 2255. See United States v. Florence, 411 F. App'x 230, 231 (11th Cir. 2011) (absent authorization to file a second or successive Section 2255 motion, a district court lacks subject-matter jurisdiction to consider the claims raised in the motion).

Moreover, even if the Court could entertain Gabe's request to vacate his conviction or sentence, it would deny it. The Government convincingly and thoroughly explained that Gabe's presidential pardon as to Count Two has no effect on his convictions and sentences as to Counts One and Three. (See doc. 102, pp. 5–10.) As the Government explained, "[w]hile a pardon spares a defendant from further punishment for a pardoned offense, the pardon does not bar courts from considering either the defendant's underlying conduct or the fact of conviction if those matters are relevant to a separate crime—as is the case here." (Id. at p. 10.)

The First Step Act at 18 U.S.C. § 3582(c)(1)(A), gives the Court an avenue to hear Gabe's second line of argument, that his sentence was unduly harsh. The First Step Act provides a narrow path for a district court to reduce the sentence of a criminal defendant where there are "extraordinary and compelling reasons" to do so. 18 U.S.C. § 3582(c)(1)(A)(i). The Act modified Section 3582(c)(1)(A) to allow a defendant to move a federal district court for compassionate release. However, there are four prerequisites to a court's granting compassionate release under the First Step Act. First, the defendant must have fully exhausted his administrative rights with the Bureau of Prisons ("BOP"). 18 U.S.C. § 3582(c)(1)(A). Second, the court must find that "extraordinary and compelling reasons warrant" release. 18 U.S.C. § 3582(c)(1)(A)(i). Third, the

court must consider the factors set forth in 18 U.S.C. § 3553(a).  18 U.S.C. § 3582(c)(1)(A). Fourth, the court must find that release is consistent with the Sentencing Commission's policy statements.  Id.  "The defendant generally bears the burden of establishing that compassionate release is warranted."  United States v. Smith, No. 8:17-CR-412-T-36AAS, 2020 WL 2512883, at *2 (M.D. Fla. May 15, 2020) (citing United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013)).

      The Court may only grant Gabe compassionate release and reduce his sentence if he presents "extraordinary and compelling reasons" warranting such a reduction and demonstrates that the reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  Section 1B1.13 of the Sentencing Guidelines provides the applicable policy statement, explaining that a sentence reduction may be ordered where a court determines, upon consideration of the factors set forth in 18 U.S.C. § 3553(a), that "extraordinary and compelling reasons" exist and the defendant does not present a danger to the safety of any other person or the community.  U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 (U.S. SENTENCING COMM'N 2018).  The Commission identifies six categories of "extraordinary and compelling reasons": (1) medical circumstances of the defendant; (2) age of the defendant; (3) family circumstances of the defendant; (4) victim of abuse; (5) other reasons; and (6) unusually long sentence.  See id. § 1B1.13(b)(1)-(6).  In United States v. Bryant, 996 F.3d 1243, 1252–62 (11th Cir. 2021), the Eleventh Circuit held that a district court may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with Section 1B1.13's definition of extraordinary and compelling reasons.

Gabe argues that a ground recently added in Section 1B1.13—an unusually long sentence—supports his motion for compassionate release. This provision, effective November 1, 2023, states,

> Unusually Long Sentence—If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6). In promulgating the amendment, the Commission specified that subsection (b)(6) operates alongside subsection (c), which reads:

> Limitation on Changes in Law—Except as provided in subsection (b)(6), a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement. However, if a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction under this policy statement, a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) may be considered for purposes of determining the extent of any such reduction.

U.S.S.G. § 1B1.13(c).

The Government contends that the sentencing commission exceeded its authority when promulgating Subsection (6) and that the provision is invalid for a litany of reasons. (Doc. 108, pp. 9–16.) Other courts have addressed these same arguments. See United States v. Allen, No. 1:09-CR-320-TCB, 2024 WL 631609, at *5 (N.D. Ga. Feb. 12, 2024) (concluding that subsection was within the Sentencing Commission's power). The Court need not wade into this issue in this case because, even if Subsection (6) is valid, Gabe's individualized circumstances do not satisfy it.

Gabe's arguments regarding the length of his sentence center on a purported change in the law under 18 U.S.C. § 924(e), and the effect of his pardon. As the Government explained, the first basis is easily thwarted. (See doc. 108, pp. 18–19.) There has been no change to the definition of "serious drug offense" under Section 924(e). Gabe's two prior convictions for delivery of cocaine, and one prior conviction for possession of marijuana with intent to distribute, would qualify as predicate offenses if he were sentenced today. Put simply, he was and remains an armed career criminal.

Additionally, Gabe's pardon that he received for Count 2, (possession of marijuana), does not undermine the validity of his sentence for Count Three, (possession of a firearm in relation to drug trafficking). As the Former Fifth Circuit explained,

> A pardon for any other reason than subsequent proof of innocence does not obliterate the defendant's previous transgressions particularly as they may bear on his present character and veracity. Any number of reasons may lie behind the granting of an executive pardon, but the granting of a pardon does not in itself indicate any defect in previous convictions. Neither does it negate any bearing that they may have on present credibility.

Gurleski v. United States, 405 F.2d 253, 266 (5th Cir. 1968). Indeed, the President limited Gabe's pardon to his punishment for his marijuana possession offense. Gabe cannot use that shield as a sword to attack his sentence for possession of a firearm in relation to drug trafficking.

For these reasons, Gabe has not established any disparity, much less a gross disparity, between the sentence he is serving and the sentence the Court would likely impose if it were to sentence him today.

Additionally, the Court can only grant compassionate relief "after considering the factors set forth in section 3553(a)." 18 U.S.C. § 3582(c)(1)(A). Pursuant to Section 3553(a), federal courts must impose sentences "sufficient, but not greater than necessary" to satisfy the purposes of sentences. 18 U.S.C. § 3553(a). To that end, courts must consider:

    1.      the nature and circumstances of the offense and the history and characteristics of the defendant;
    2.      the need for the sentence imposed –
         A. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
         B. to afford adequate deterrence to criminal conduct;
         C. to protect the public from further crimes of the defendant; and
         D. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
    3.      the kinds of sentences available;
    4.      the kinds of sentences and the sentencing range established for [the applicable offense category as set forth in the guidelines];
    5.      any pertinent policy statement . . . by the Sentencing Commission;
    6.      the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
    7.      the need to provide restitution to any victims of the offense.

Id.

An evaluation of these factors weighs heavily against Gabe's request for compassionate release. The nature and circumstances of Gabe's offenses remain a grave concern to the Court. He committed serious crimes that pose a danger to the community. His history and characteristics also disturb the Court. When he was sentenced, he had three prior convictions involving firearms, four prior convictions involving controlled substances, and convictions for crimes including grand theft, forgery, and escape. He accumulated those convictions before the age of 29. As the probation officer noted, "the defendant's verifiable criminal conduct began at age 16 and continued unimpeded, aside from his periods of incarceration, until his instant arrest." (Doc. 96, p. 21.) Releasing Gabe would not reflect the seriousness of his offense, would not provide just punishment, would contradict the purposes of deterrence. 18 U.S.C. § 3553(a)(2)(A)–(B). Perhaps most importantly, given Gabe's history of unlawful firearm possession, his release would not sufficiently protect the public from the danger he poses. 18 U.S.C. § 3553(a)(2)(C). Further, remaining within the custody of the BOP provides Gabe the opportunity to receive "needed educational or vocational training" and "other correctional treatment in the most effective

manner." 18 U.S.C. § 3553(a)(2)(D). Allowing him to be released would create significant sentencing disparities between Gabe and other defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a)(6). In sum, the Court has reviewed all the Section 3553(a) factors and finds that they warrant the denial of Gabe's motion for compassionate release.

## CONCLUSION

For the reasons set forth above, the Court **DENIES** Gabe's Motion, (doc. 105), and **DENIES AS MOOT** Gabe's various motions for leave to file, (docs. 103, 109, 110).

**SO ORDERED**, this 26th day of July, 2024.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA